# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| CHARLES T. BUTLER | CIVIL ACTION NO.  01-2733 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN BURL CAIN | MAG. JUDGE JAMES D. KIRK |

### MEMORANDUM ORDER

Pending before the Court is a "Motion for Relief from Judgment Pursuant to Federal Rules Civil Procedure Rule 60(b)(5) and (6)" [Doc. No. 77] filed by Petitioner Charles T. Butler ("Butler"). Butler moves the Court to vacate its June 6, 2005 Judgment dismissing his habeas petition as untimely.  He relies on the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

Prior to *Martinez*, in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the Supreme Court held that "an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." 132 S. Ct. at 1315.  In the *Martinez* decision, the Supreme Court "qualifie[d] *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial."  *Id.*

Based on *Martinez,* Butler now moves the Court to vacate the judgment dismissing his Petition for Writ of *Habeas Corpus* under Rule 60(b)(5) and (6).  Those rules provide that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for [the reason that]. . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."  FED. R. CIV. P. 60(b)(5) and (6).  However, this argument

has already been considered and rejected by the United States Court of Appeals for the Fifth Circuit,

which concluded that "[b]ecause the *Martinez* decision is simply a change in decisional law [it] is

'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6) . . . ' " *Adams*

*v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012) (quoting *Hernandez v. Thaler*, 630 F.3d 420, 429 (5th

Cir.2011)).  Likewise, the Court find that the *Martinez* decision provides no basis for relief under

Rule 60(b)(5) when Butler has not demonstrated that an earlier judgment was reversed, vacated or

its prospective application is inequitable.  Thus,

  IT IS ORDERED that Butler's "Motion for Relief from Judgment Pursuant to Federal Rules

Civil Procedure Rule 60(b)(5) and (6)" [Doc. No. 77] is DENIED.

  MONROE, LOUISIANA, this 28th day of March, 2013.


                  _____

                  ROBERT G. JAMES
                  UNITED STATES DISTRICT JUDGE